IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHRISTOPHER THOMAS LEWIS, #49732                                      PETITIONER

VERSUS                                      CIVIL ACTION NO. 1:14-cv-235-KS-MTP

CENTRAL MISSISSIPPI CORRECTIONAL FACILITY, et al.          RESPONDENTS

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner

Lewis, an inmate of the Mississippi Department of Corrections (MDOC), files this *pro se*

petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  Upon liberal review of the

Petitioner's pleadings and applicable case law, the Court finds as follows.

Petitioner was convicted of armed robbery in the Circuit Court of Harrison County,

Mississippi, on January 26, 2012.  Pet. [1] at 1; *see also Lewis v. State*, No. 2012-CT-00395

(Miss. Ct. App. Mar. 5, 2013).  As ground for habeas relief, Petitioner claims the following:

> GROUND 1:  Misidentification - The perpetrator had on a ski mask [so] all the
> victim could see was the suspect[']s eyes yet she is 100% certain it was petitioner
> that robbed her.
>
> GROUND 2: Double jeopardy - There was not a manifest necessity to declare a
> mistrial based on 1 juror[']s not guilty verdict.
>
> GROUND 3: Due process violations.
>
> GROUND 4: Ineffective assistance of counsel.

Pet. [1] at 5, 7, 8, and 10.  Petitioner is requesting a new trial or in the alternative an acquittal. *Id.*

at 15.

As required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court has liberally construed

Petitioner's allegations and determined that this petition for habeas relief should be dismissed for

Petitioner's failure to exhaust his state remedies.

It is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * * * * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Fisher*, 169 F.3d at 302.

Petitioner states on pages 6, 7, 9, and 10 of his Petition [1] that he has an application to proceed in the state trial court for post-conviction relief currently pending before the Mississippi

2

Supreme Court. *See Lewis v. State*, No. 2014-M-0593 (Miss. Ct. App. filed May 6, 2014). Based on Petitioner's pending application, the Court finds that Petitioner has not completed the exhaustion of his state remedies prior to filing this habeas petition. As such, this petition filed pursuant to 28 U.S.C. § 2254 will be dismissed without prejudice for Petitioner's failure to exhaust his available state remedies. *See Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011)(holding that "[a] federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted.").

For the reasons stated herein, Petitioner's *pro se* Petition for habeas corpus relief will be denied for failure to exhaust and this case will be dismissed without prejudice. A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the 16th day of July, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE