IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHRISTOPHER THOMAS LEWIS**                                **PETITIONER**

v.                                           **CAUSE NO. 1:14-cv-235-KS-MTP**

**RON KING**                                                  **RESPONDENT**

## ORDER

THIS MATTER is before the Court on Petitioner's Motion to Clarify and Compel Judgment and Discovery [41], Motion to Compel Tangible Documents and Information [45], and Motion to Appoint Counsel [46]. Having carefully considered these Motions, the Court finds that they should be denied.

In his Motion to Clarify and Compel Judgment and Discovery [41] and Motion to Compel Tangible Documents and Information [45], Petitioner seeks to compel the Respondent to produce certain documents and information pursuant to Fed. R. Civ. P. 34 and 37.[1] A habeas petitioner is generally not entitled to discovery. "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000); *see also U.S. v. Webster*, 392 F.3d 787, 801 (5th Cir. 2004) ("A habeas petitioner may 'invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'") (citation omitted). The Fifth Circuit has explained that "[i]n order to establish good cause, the petitioner

---

[1] Petitioner seeks "1) preliminary hearing records, 2) grand jury minutes, 3) investigative reports, and 4) all surveillance footage at a time that this Court deems satisfactory." *See* Motion [41] at 2. Petitioner also seeks "justice court minutes." *See* Motion [45] at 1.

must demonstrate that 'a factual dispute, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing.'" *Lave v. Dretke*, 416 F.3d 372, 381 (5th Cir. 2005) (quoting *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994)). Petitioner has failed to establish good cause warranting discovery. Thus, Petitioner's Motions [41] [45] will be denied.[2]

In his Motion for Appointment of Counsel [46],[3] Petitioner seeks appointment of counsel because he is unable to afford counsel and lacks the skills necessary to proceed. The Fifth Circuit has held that "[n]o constitutional right to counsel exists in federal postconviction proceedings." *Urias v. Thaler*, 455 Fed. App'x. 522, 523 (5th Cir. 2011) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who–. . . is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2)(b). Based on the record before the Court, the "interests of justice" do not require the appointment of counsel. *See Schwander v. Blackburn*, 750 F.2d 494, 502-503 (5th Cir. 1985) (denying appointment of counsel because the issues were not particularly complex and petitioner adequately highlighted the issues and the pertinent facts in the record). The Court has not determined that an evidentiary hearing is warranted at this time; thus, the appointment of counsel is not required under Rule 8(c) of the Rules Governing Section 2254

---

[2] In his Motion to Clarify and Compel Judgment and Discovery [41], Petitioner also objects to Respondent's Motion for Extension of Time to File Response [39]. The Court, however, previously granted Respondent's Motion for good cause shown. *See* May 20, 2015, Text Only Order.

[3] Petitioner has filed two previous Motions to Appoint Counsel [26] [37]. The Court denied both of those Motions. *See* Orders [29] [40].

Cases.  Accordingly, Petitioner's Motion for Appointment of Counsel [46] will be denied.

IT IS, THEREFORE, ORDERED that:

1. Petitioner's Motion to Clarify and Compel Judgment and Discovery [41] is DENIED,

2. Petitioner's Motion to Compel Tangible Documents and Information [45] is DENIED, and

3. Petitioner's Motion to Appoint Counsel [46] is DENIED.

SO ORDERED this the 3rd day of November, 2015.

> s/ *Keith Starrett*
> UNITED STATES DISTRICT JUDGE