IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHRISTOPHER THOMAS LEWIS**                                                **PETITIONER**

**v.**                             **NO. 1:14-cv-235-KS-MTP**

**RON KING**                                               **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* Petition of Christopher Thomas Lewis for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having considered the submissions of the parties, the record of the state court proceeding, and the applicable law, the undersigned recommends that the Petition [1] be DENIED.

## FACTS AND PROCEDURAL HISTORY

Sopek Seng was the part owner and operator of M&S Convenience Store in Gulfport, Mississippi. One afternoon, between 4:00 p.m. and 5:00 p.m., a perpetrator entered the store with a handgun while Seng was stocking the drink cooler. The perpetrator pushed her over to the cash register while demanding money. After Seng emptied the first register, the perpetrator threatened to shoot her baby, who was sleeping in a car seat behind the counter. Seng emptied the second register. The perpetrator was wearing a large dark jacket, a face mask, a ball cap, white gloves, dark pants, and white tennis shoes. After Seng emptied the second register, the perpetrator fled from the store.

When police arrived, Seng explained that she knew the man who robbed her; she recognized "Chris" by his voice and lazy eye. Petitioner, Christopher Lewis, was a regular customer at a different convenience store, First Stop, where Seng worked during the day. Officer

1

Adam Gibbons believed Seng was describing Petitioner, with whom he was familiar. An hour later, Officer Gibbons found Petitioner half a mile away walking down the street carrying a beer. He arrested Petitioner for public drunkenness. Petitioner was carrying sixty-three dollars, comprised of twenty-eight one-dollar bills, three five-dollar bills, and one twenty-dollar bill.

On January 26, 2012, Petitioner was convicted of one count of armed robbery in the Circuit Court of Harrison County, Mississippi. (State Court Record [23-2] at 22-23.) Petitioner was sentenced as a habitual offender, pursuant to Miss. Code Ann. § 99-19-81, to serve nineteen years and eleven months in the custody of the Mississippi Department of Corrections. *Id*.

On March 5, 2012, Petitioner, through counsel, appealed his conviction to the Mississippi Supreme Court, raising the following grounds for relief:

1. The evidence was insufficient to support a conviction of armed robbery.

2. The court erred in not granting defendant's jury instruction number 5.

3. The court erred in not granting defendant's motion for a mistrial based upon prejudicial comments made during the venire.

4. The court erred by allowing in hearsay testimony by the state's witnesses.

([23-6] at 44.) On March 5, 2013, the Mississippi Court of Appeals affirmed Petitioner's conviction in a written opinion. *See Lewis v. State*, 110 So. 3d 814 (Miss. App. 2013), *reh'g denied* Sept. 3, 2013, *cert. denied*, Jan. 9, 2014.

On May 6, 2014, Petitioner sought leave from the Mississippi Supreme Court to file his motion for post-conviction collateral relief in the trial court in which he asserted the following grounds (as stated by the *pro se* Petitioner):

1. Ineffective assistance of counsel–6th Amendment constitutional violation. Strickland vs Washington 1984 82-1554 (Proper standard for attorney

       performance is that of reasonably effective assistance

2. Double Jeopardy–5th Amendment constitutional violation, no retrial for same offense is permitted in any criminal case in which first trial, following swearing and impaneling of jury was aborted prior to conclusion, unless exceptional circumstances existed in first case, and there was a manifest necessity for trial judge to declare a mistrial. Jones vs State 1981 No 52536

3. Due Process–5th Amendment constitutional violation, U.S. Supreme Court held that under the words of the ordinance if evidence failed to prove all elements of the crime the convictions was not supported by the evidence, in which event did not comport with due process of law. Thompson vs City of Louisville et al No 59 US Supreme Court (1960)

4. Unreasonable search and seizure–4th Amendment constitutional violation, $83.00 was taken from me after witnesses stated that I worked for the money, it was not proven that I was an impecunious person. U.S. vs Bamberger No. 71-1114 to 71-1112 (1972)

5. Cruel and unusual punishment–8th Amendment constitutional violation. I Christopher Thomas Lewis was already convicted before entering courtroom for trial based on police making the statement that [due] to the fact that he knew I had a lazy eye they had found their man

6. Trial by jury–6th Amendment constitutional violation, influences on the jury are prohibited, the jury must be impartial

7. The Due Process Clause–14th Amendment constitutional violation. A state is prohibited from depriving a person any person of life, liberty, or property without due process of law

([23-8] at 5-6.)

The Mississippi Supreme Court denied Petitioner's application stating "[a]fter due consideration, the panel finds that the claim of ineffective assistance of counsel lacks sufficient merit to warrant an evidentiary hearing. *Strickland v. Washington*, 466 U.S. 668 (1984). The Panel further finds that the remaining issues are without merit." ([23-8] at 2.) On June 5, 2014, Petitioner filed the instant Petition for Writ of Habeas Corpus. Petitioner asserts the following

grounds for relief (as stated by the *pro se* Petitioner):[1]

    Ground 1:    Misidentification–the perpetrator had on a ski mask all the victim could see was the suspects eyes yet she is 100% certain it was Petitioner that robbed her.

    Ground 2:    Double Jeopardy–there was not a manifest necessity to declare a mistrial based on 1 juror's not guilty verdict.

    Ground 3:    Due Process violations.

    Ground 4:    Ineffective assistance of counsel.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires the exhaustion of a claim in state court before a federal court may consider the claim as part of a habeas petition. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ."). Respondent concedes that Petitioner has satisfied the exhaustion requirement for the grounds raised in his federal petition by first giving state courts the opportunity to consider and pass upon the challenges to his conviction. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). These

---

[1] In his Motion to Alter or Amend Conviction [31], Petitioner stated "Brady Violations" without any explanation. The Supreme Court has held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Thus, the Court entered an Order [33] providing Petitioner an opportunity to brief this issue. Petitioner filed a Response [35] but failed to make any allegations or arguments regarding the suppression of evidence. Instead, Petitioner reargued the issues raised in his Petition. The Court need not address this unsupported assertion of a "Brady Violation." *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

claims were "adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d).[2]

Section 2254(d) provides that a federal court may not grant habeas relief unless the state court's adjudication of the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The "contrary to" and "unreasonable application" clauses of Section 2254(d)(1) have independent meanings. *Bell v. Cone*, 535 U.S. 685, 694 (2002).

The "contrary to" clause applies when the state court fails to apply a legal rule announced by the Supreme Court or reaches a result opposite to a previous decision of the Court on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The "unreasonable application" clause applies when the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id*. at 407-08. The "unreasonable application" inquiry is based on an objective standard, and "unreasonable" does not equate with "incorrect." *Garcia v. Dretke*, 388 F.3d 496, 500 (5th Cir. 2004).

Habeas corpus serves as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S.86, 102-03 (2011) (internal quotations omitted). A federal court does not "sit as a 'super' state supreme court" and may decide the issues presented by the habeas petition "only to the extent that federal constitutional issues are implicated." *Smith v. McCotter*, 786 F.2d

---

[2] The Mississippi Supreme Court's denial of Petitioner's post-conviction relief, even without an explanation, may be presumed as an adjudication of the merits. *See Diver v. Cain*, 698 F.3d 211, 216-17 (5th Cir. 2012).

697, 700 (5th Cir. 1986).

**Ground 1 and Ground 3**

In Ground 1 of his Petition, Petitioner challenges the ability of the victim to identify a man wearing a mask. In Ground 3, Petitioner argues that because it was impossible for the victim to positively identify him as the perpetrator, there was no evidence to convict him of armed robbery.[3] In these two grounds, Petitioner is challenging the sufficiency of the evidence.

Insufficiency of the evidence can support a claim for habeas relief only if the evidence, when viewed in the light most favorable to the State, is such that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001). The evidence need not exclude every reasonable hypothesis of innocence or be completely inconsistent with every conclusion except guilt so long as a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. *United States v. Stevenson*, 126 F.3d 662, 664 (5th Cir. 1997). The determination of the sufficiency of the evidence by a state appellate court is entitled to great deference. *See Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993) (citing *Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir. 1985) ("Where state appellate court has conducted a thoughtful review of the evidence . . . its determination is entitled to great deference."))

The Mississippi Court of Appeals addressed and rejected Petitioner's argument noting

---

[3] The crime of armed robbery is codified by Mississippi Code Annotated Section 97-3-79, which provides:

> Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery . . . .

that "the Mississippi Supreme Court has held that '[i]dentification based on the testimony of a single witness . . . can support a conviction, even though denied by the accused.'" *Lewis*, 110 So. 3d at 817 (quoting *Passons v. State*, 124 So. 2d 847m 848 (1960)). The court of appeals also stated that questions regarding the credibility of a victim's identification should be resolved by the jury. *Id.* at 818 (citing *Brown v. State*, 724 So. 2d 480, 481 (Miss. App. 1998)).

>The court of appeals explained,
>
>The State played video-surveillance footage that clearly showed a man using a handgun to rob the convenience store. Seng detailed the robbery for the jury and explained that she was able to recognize Lewis because she knew him well. He came into First Stop several times a day and sometimes did odd jobs at the convenience store for her. The mask he wore had large eye holes, so she could see that his skin was light and that he had a lazy eye. She also recognized Lewis's voice and distinctive speech pattern. Seng stated several times that she was one hundred percent sure that Lewis had robbed her.

*Lewis*, 110 So. 3d at 818.

The court of appeals held that "the evidence was sufficient for a reasonable fair-minded juror to find the essential elements of the crime beyond a reasonable doubt." *Id.* at 818. The record supports the State court's findings. At trial, Seng testified that she recognized the perpetrator as Petitioner because he had been a customer at her store, M&S Convenience Store, and was a regular customer at a different convenience store, First Stop, where Seng worked during the day. ([23-3] at 142-44.) She testified that Petitioner would come to the First Stop four or five times a day and would occasionally do some chores in exchange for a cold drink or beer. ([23-3] at 143-44.) According to Seng, she and Petitioner would talk and visit. ([23-3] at 143.) Seng testified that she recognized Petitioner's "crooked" eyes during the robbery. ([23-3] at 149-50.) During her testimony, Seng pointed Petitioner out as the perpetrator and stated on multiple

7

occasions that she was one-hundred percent certain Petitioner robbed her. ([23-3] at 150, 152; [23-4] at 11-13.) Seng also testified that Petitioner took more than one-hundred dollars but less than two-hundred dollars from the cash registers, and at the time of his arrest, Petitioner was carrying a single twenty-dollar bill, three five-dollar bills, and twenty-eight one dollar bills. ([23-4] at 24, 82.)

The evidence in this case, when viewed in the light most favorable to the State, is not such that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Santellan*, 271 F.3d at 193.  The undersigned finds that Petitioner has not established that the Mississippi Court of Appeals's decision on this issue is contrary to, or involves an unreasonable application of, clearly established federal law, or that the decision was based on an unreasonable determination of the facts in light of the evidence. *See Rubio v. Quarterman*, 2008 WL 701384, at *12 (S.D. Tex. Mar. 13, 2008).  Habeas relief on this claim should be denied.

**Ground 2**

In Ground 2, Petitioner argues that he was subjected to double jeopardy when he was retried after his original trial ended in a mistrial due to a hung jury.[4]  The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from repeated prosecutions for the same offense.  A defendant has the right "to have his trial completed by a particular tribunal."

---

[4] Respondent interprets Petitioner's challenge based on the Double Jeopardy Clause as an attack on his sentence as a habitual offender, pursuant to Miss. Code Ann. § 99-19-81.  The Court, however, disagrees and finds that Petitioner is challenging the fact that he was subjected to a second trial.  To the extent Petitioner is arguing that his sentence as a habitual offender violates the Double Jeopardy Clause, this argument is without merit. *See Perkins v. Cabana*, 794 F.2d 168 (5th Cir. 1986); *Stewart v. Mississippi*, 67 So. 3d 829, 832-33 (Miss. App. 2011).

*Wade v. Hunter*, 336 U.S. 684, 689 (1949).  Jeopardy attaches for purposes of the Double Jeopardy Clause when the jury is impaneled and sworn. *See Crist v. Bretz*, 437 U.S. 28, 38 (1978).  Once jeopardy has attached, "the protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." *Richardson v. United States*, 468 U.S. 317, 325 (1984).

The Fifth Circuit has observed that there are only three possible "jeopardy terminating events" that would bar a retrial: "(1) an acquittal, (2) a trial court determination of insufficiency leading to a directed verdict of acquittal, and (3) an unreversed determination on direct appeal that there was insufficient evidence to support the conviction." *United States v. Garcia*, 567 F.3d 721, 730 (5th Cir. 2009) (quoting *Vanderbilt v. Collins*, 994 F.2d 189, 195 (5th Cir. 1993)).  The Supreme Court has emphasized that a hung jury is not the equivalent of an acquittal regardless of the sufficiency of the evidence presented at a defendant's first trial. *Richardson*, 468 U.S. at 325-26; *see also Yeager v. United States*, 557 U.S.110, 118 (2009) (observing that "a jury's inability to reach a decision is the kind of 'manifest necessity' that permits the declaration of a mistrial and the continuation of the initial jeopardy that commenced when the jury was impaneled") (citations omitted); *Sattazahn v. Pennsylvania*, 537 U.S. 101, 109 (2003) ("Normally, a retrial following a 'hung jury' does not violate the Double Jeopardy Clause").  Accordingly, the declaration of a mistrial based on "the failure of a jury to reach a verdict is not an event which terminates jeopardy." *Richardson*, 468 U.S. at 325.

Petitioner has failed to demonstrate that jeopardy actually terminated as a result of the mistrial.  Moreover, during his first trial, Petitioner, through counsel, moved for a mistrial after the jury informed the trial court that they could not reach a verdict and, therefore, elected to forgo

9

the "valued right to have his guilt or innocence determined by the first trier of fact." *United States v. Scott*, 437 U.S. 82, 93 (1978); ([23-7] at 40-42.)  Accordingly, Petitioner has not established that the state court's decision was contrary to or involved an unreasonable application of clearly established federal law.  Habeas relief on this claim should be denied.

**<u>Ground 4</u>**

In Ground 4, Petitioner argues that he was provided ineffective assistance of counsel.  In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court defined the standard by which an ineffective assistance of counsel claim in a habeas proceeding is to be measured.  Pursuant to *Strickland*, Petitioner must show that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." 466 U.S. at 687; *see also Motley v. Collins,* 18 F.3d 1223, 1226 (5th Cir. 1994) (stating that satisfaction of the standard requires a showing that counsel's acts "fell below an objective standard of reasonableness").  In order to establish a deficiency, Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id*.  This Court's "scrutiny of counsel's performance must be highly deferential" and it must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689; *see also Moawad v. Anderson,* 143 F.3d 942, 946 (5th Cir. 1998) (observing that the court "gives great deference to counsel's assistance, strongly presuming that counsel has exercised reasonable professional judgment") (internal quotations and citations omitted).

"To meet the prejudice prong of the *Strickland* test, the defendant may not simply allege but must 'affirmatively prove' prejudice." *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.

1986) (citing *Celestine v. Blackburn*, 750 F.2d 353, 356 (5th Cir. 1984)). Further, Petitioner must not only prove that the outcome of his trial would have been different "but for counsel's alleged errors," but must also prove that "'the result of the proceedings was fundamentally unfair or unreliable.'" *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)). An ineffective assistance of counsel claim must be stated with specificity. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Summarily reciting general complaints about counsel's performance without discussing their specific basis or how application of the law purportedly justifies relief does not state a claim for habeas review. *Hughes v. Dretke*, 412 F.3d 582, 597 (5th Cir. 2005); *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) ("[C]onclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.")

In considering Petitioner's application for post-conviction relief, the Mississippi Supreme Court reviewed the claims of ineffective assistance of counsel and determined that Petitioner failed to meet his burden of establishing ineffective assistance of counsel. ([23-8] at 2.) Given that the ineffective assistance of counsel claims before this Court present a mixed question of law and fact[5] and that *Strickland* is the "clearly established Federal law" which governs such claims, the issue in this case is "whether the Mississippi Supreme Court's decision to reject [Petitioner's] ineffective assistance claim[s] 'involved an unreasonable application' (and not merely an incorrect application) of *Strickland*." *Neal v. Puckett,* 286 F.3d 230, 236 (5th Cir. 2002).

Petitioner argues that his trial counsel's performance was deficient because he failed to investigate certain aspects of the case. Specifically, Petitioner argues that counsel failed to

---

[5] *Nixon v. Epps,* 405 F.3d 318, 324 (5th Cir. 2005).

11

"subpoena cash register paper work to prove how much money was actually at the store." ([12] at 3.)  At trial, the victim testified that Petitioner took more than one-hundred dollars but less than two-hundred dollars from the cash registers. ([23-4] at 24.)  Police Officer Bradley Barta testified that at the time of his arrest, Petitioner was carrying a single twenty-dollar bill, three five-dollar bills, and twenty-eight one dollar bills. ([23-4] at 82.)

"A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *Moawad*, 143 F.3d at 948 (citation omitted).  To prevail on such a claim, Petitioner must provide factual support as to what exculpatory evidence further investigation would have revealed. *Id*.  "Without specific, affirmative showing of what the missing evidence or testimony would have been, a habeas court cannot even begin to apply *Strickland*'s standards." *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).  It has been routinely recognized that conclusory allegations of ineffective assistance of counsel claims are insufficient to warrant habeas relief. *Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir. 2002).

Petitioner has failed to specify what the "cash register paper work" would have revealed or how it would have altered the outcome of his trial.  Without a specific showing of what the "cash register paper work" would have revealed, this Court cannot assess counsel's effectiveness. *Anderson*, 18 F.3d at 1221.  Petitioner has failed to establish that the Mississippi Supreme Court made an unreasonable decision regarding the effectiveness of Petitioner's trial counsel and the *Strickland* requirements.

Petitioner also argues that trial counsel failed to argue that Petitioner's initial arrest violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights. ([12] at 3.)  Petitioner makes

12

one assertion in support of this claim: that counsel was ineffective for failing to argue that police officers did not have probable cause to arrest him for armed robbery. The Fourth Amendment guarantees an individual's right "to be secure . . . against unreasonable searches and seizures." U.S. CONST. Amend IV. "If the arresting officers lacked probable cause and the arrest is invalid, evidence discovered as a result of the arrest is subject to suppression under the Fourth Amendment as the fruit of an illegal arrest." *United States v. Ho*, 94 F.3d 932, 935 (5th Cir. 1996) (internal quotation marks and citation omitted).

In *Stone v. Powell*, 428 U.S. 465 (1975), the United States Supreme Court held that where a state provides an opportunity for "full and fair litigation" of a Fourth Amendment claim, a state prisoner cannot be granted habeas relief on the basis that illegally seized evidence was admitted at trial. However, the Supreme Court later held this restriction does not extend to Sixth Amendment claims of ineffective assistance of counsel where the principal allegation is the failure to file a timely motion to suppress evidence obtained in violation of the Fourth Amendment. *Kimmelman v. Morrison*, 477 U.S. 365 (1986).

"Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman*, 477 U.S. at 375. Accordingly, in order to show ineffective assistance in these circumstances, Petitioner must first show that his Fourth Amendment claim has merit. *See United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987) ("The inquiry turns on whether a hypothetical motion to suppress would have been successful.")

Petitioner asserts that police officers lacked probable cause to arrest him for armed robbery. However, on the day of the robbery, March 19, 2011, Petitioner was arrested for public intoxication,[6] not armed robbery.[7] Officer Adam Gibbons testified that he arrested Petitioner for public intoxication because Petitioner appeared intoxicated and was drinking a beer. ([23-4] at 56, 70.) Petitioner makes no argument attacking the validity of his arrest for public intoxication. Petitioner has not identified any specific argument trial counsel should have raised regarding his arrest. Petitioner has not identified any facts or evidence that would support a challenge to his arrest. Thus, Petitioner has failed to demonstrate that any motion to suppress would have been successful. Additionally, Petitioner has not shown that a successful motion to suppress would have affected the verdict. Petitioner has failed to establish that the Mississippi Supreme Court unreasonably applied the *Strickland* requirements.

Finally, Petitioner asserts that his trial counsel was ineffective because "[a]t all times petitioner was ignorant of his constitutional rights and his full protections of the Constitution." ([12] at 5.) Petitioner offers no specific facts or arguments in support of this assertion, and the Court need not address unsupported assertions. *See Ross*, 694 F.2d at 1011-12.

For the reasons discussed above, the undersigned finds that the Mississippi Supreme

---

[6] The crime of drunkenness in a public place is codified by Mississippi Code Annotated Section 97-29-47, which provides:

> If any person shall profanely swear or curse, or use vulgar and indecent language, or be drunk in any public place, in the presence of two (2) or more persons, he shall, on conviction thereof, be fined not more than one hundred dollars ($100.00) or be imprisoned in the county jail not more than thirty (30) days or both.

[7] On June 27, 2011, Petitioner was indicted for armed robbery, and the state court issued a capias or arrest warrant following the indictment. ([23-1] at 14-16.) On June 29, 2011, Petitioner was arrested for armed robbery. ([23-1] at 17.)

Court's conclusion that this claim did not meet the *Strickland* standard was not contrary to, or an unreasonable application of, clearly established federal law.

## RECOMMENDATION

The undersigned recommends that the relief sought in Lewis's Petition [1] be denied and that the Petition be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 22nd day of March, 2016.

                                                      s/ Michael T. Parker
                                                      United States Magistrate Judge