**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**CHRISTOPHER THOMAS LEWIS**             **PETITIONER**

**V.**             **CIVIL ACTION NO. 1:14-CV-235-KS-MTP**

**RON KING, ET AL.**             **DEFENDANTS**

**ORDER**

This matter is before the Court on the Report and Recommendation [54] of United States Magistrate Judge Michael T. Parker (the "Magistrate") filed on March 22, 2016, in which he recommends that the Court dismiss the Petition for Writ of Habeas Corpus ("Petition") [1] filed by Petitioner Christopher Lewis ("Lewis"). After reviewing the record, the Objections [55], and the applicable law, the Court finds that the Report and Recommendation [54] is both factually and legally accurate, and that it should be adopted as the opinion of the Court.

As required by 28 U.S.C. § 636(b)(1), the Court conducts an independent review of the entire record and a *de novo* review of the matters raised by parties' objections.

It is difficult to ascertain exactly what objections Lewis has to the Magistrate's Report and Recommendation [54], but the Court is able to identify three main issues Lewis seems to address: there was insufficient evidence to convict him, he was subjected to double jeopardy due to his mistrial, and his counsel at trial provided insufficient assistance of counsel because he failed to advance the argument that officers did not have probable cause to arrest him for armed robbery.

As the Magistrate noted, the Mississippi Court of Appeals addressed Lewis's contention that there was insufficient evidence to support his conviction. The state could found that "the evidence

was sufficient for a reasonable fair-minded juror to find the essential elements of the crime beyond a reasonable doubt." *Lewis v. State*, 110 So.3d 814, 818 (Miss. Ct. App. 2013). Lewis offers no argument as to how this determination by the state court was contrary to, or involved an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts in light of the evidence. *See* 28 U.S.C. § 2254(d). As Lewis, as the petitioner, bears the burden of proving he is entitled to habeas relief, because he has failed to do so, he will not be granted habeas on the basis of his claim for insufficient evidence. *See, e.g., Williford v. Estelle*, 672 F.2d 552, 555 (5th Cir. 1982).

Lewis further objects to the Magistrate's finding the he was not entitled to relief on his double jeopardy claim. However, Lewis admits that "Double Jeopardy did not bar retrial," arguing instead that "it [was his] right to have [his] fate decided by the first tribunal." (Objections [55] at p. 7.) The Court takes this statement to mean that Lewis is not arguing the constitutionality of his second trial, but rather the constitutionality of having a different jury on retrial. As this argument has no merit, the Court will not grant habeas relief on his double jeopardy claim.

In his Objections [55], Lewis also raises the argument that the officers who arrested him did not have probable cause to arrest him for armed robbery, which his counsel should have included in his defense. However, the record clearly states that Lewis was arrested for public intoxication, not armed robbery. As Lewis makes no argument that officers did not have probable cause to arrest him for public intoxication, the Court will deny him relief on this ground as well.

IT IS THEREFORE ORDERED AND ADJUDGED that both Objections [55] are **overruled**. After reviewing the record, the Court concludes that the Magistrate Judge's Report and Recommendation [54] is an accurate statement and analysis of the law and facts. The Court **adopts**

it as the opinion of the Court and **dismisses with prejudice** Lewis's Petition [1].

SO ORDERED AND ADJUDGED this 12th day of April, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE